IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 9:07-715 |
| | ) | |
| vs. | ) | |
| | ) | |
| **JEFFERY E. LOWE** | ) | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this _8th_ day of _April_, 2008,

between the United States of America, as represented by United States Attorney KEVIN F.

MCDONALD, Assistant United States Attorney Rhett DeHart; the Defendant, **JEFFERY E.**

**LOWE**, and Defendant's Attorney, Lionel S. Lofton, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as

follows:

1.    The Defendant agrees to plead guilty to Count 1 of the Indictment now pending, which

charges Mail Fraud, a violation of Title 18, United States Code, Section 1341.  In order to

sustain its burden of proof as to this offense, the Government must prove the following

elements:  On or about November 18, 2003, the Defendant (1) executed, or attempted to

execute, a scheme to defraud, and (2) mailed, or caused to be mailed, any matter via the

Postal Service for the purpose of executing the scheme to defraud.  The maximum

sentence for this offense is 20 years imprisonment, a $250,000 fine, 3 years supervised

release, and a $100 special assessment.

2.    The Defendant agrees to provide detailed financial information to the United States

Probation Office prior to sentencing.  The Defendant further agrees to enter into the

Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of

incarceration with an unsatisfied monetary penalty.  The Defendant further understands

and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

(A)    Fines: The Defendant understands and agrees that the Court may impose a

fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and

payable immediately after sentencing regardless of whether the Defendant

has the money to pay the fine.  In the event the Defendant does not have

the money, the Defendant understands and agrees that the Court may

establish a payment schedule, taking into account the Defendant's present

and future means of earning money, or of obtaining money to pay the fine.

(B)    Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay

a special assessment of $100.00 for each felony count for which he is

convicted.  This special assessment must be paid at or before the time of

the guilty plea hearing.

3.    The Defendant understands that the matter of sentencing is within the sole discretion of

the Court and that the sentence applicable to Defendant's case will be imposed after the

Court considers as advisory the United States Sentencing Commission Guidelines,

Application Notes and Policy Statements, as well as the factors set forth in Title 18,

United States Code, Section 3553(a).  The Defendant also understands that Defendant's

sentence has not yet been determined by the Court, and that any estimate of a probable

sentencing range Defendant may have received from Defendant's attorney, the

Government, or the United States Probation Office is only a prediction, not a promise,

and is not binding on the Government, the Probation Office or the Court. The Defendant

further understands that the Government retains the right to inform the Court of any

relevant facts, to address the Court with respect to the nature of the offense, to respond to

questions raised by the Court, to correct any inaccuracies or inadequacies in the

Presentence Report, to respond to any statements made to the Court by or on behalf of the

Defendant and to summarize all evidence which would have been presented at trial to

establish a factual basis for the plea.

4.    Provided the Defendant complies with all the terms of this Agreement, the United States

agrees to move to dismiss the remaining counts of the Indictment at sentencing. The

Defendant understands that the Court may consider these dismissed counts as relevant

conduct pursuant to § 1B1.3 of the United States Sentencing Guidelines.

5.    The Defendant agrees that all facts that determine his offense level under the Guidelines

(including facts that support any specific offense characteristic or other enhancement or

adjustment) can be found by the Court at sentencing by a preponderance of the evidence

standard and the Court may consider any reliable evidence, including hearsay. By

executing this Agreement, the Defendant understands that he waives any argument that

facts that determine his offense level under the Guidelines and pursuant to any mandatory

minimum should be alleged in an indictment and found by a jury beyond a reasonable

doubt.

6.    The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

7.    In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense enumerated herein.

8.    The parties stipulate and agree that the Defendant will receive a sentence of one year probation with a special condition that he serve six months in a community corrections center in lieu of incarceration and that he will make a $10,000 donation to Citizens Opposed to Domestic Abuse in lieu of a fine.  The Defendant further agrees that he will not take a tax deduction for the $10,000 donation to Citizens Opposed to Domestic Abuse and that it will be due on or before sentencing.

9.    The parties stipulate and agree that there is no restitution due in this case.

10.   The parties further stipulate and agree that this Plea Agreement is filed pursuant to FED. R. CRIM. P. 11(c)(1)(C) and if such plea is accepted by the Court, the disposition agreed to in paragraph 8 and 9 is binding on the Court.

11.   The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant

-4-

and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witness, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to his Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

12.     The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

4/8/08
DATE

4/8/08
DATE

_____
JEFFERY E. LOWE, Defendant

_____
Lionel S. Lofton

-5-

Attorney for the Defendant

KEVIN F. MCDONALD
UNITED STATES ATTORNEY

4-8-09

DATE

BY:

Rhett DeHart
Assistant U. S. Attorney

-6-